UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

AARON SLIFKA,

     Plaintiff,

  v.

CITY OF WOOD RIVER, ILLINOIS; WOOD
RIVER POLICE OFFICER SGT. E. FORD; and
COLTON GORBETT,

     Defendants.

Case No. 26-cv-1050-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Aaron Slifka's motion for leave to proceed *in forma pauperis* in this civil right action (Doc. 4).  A federal court may permit an indigent party to proceed without pre-payment of fees.  28 U.S.C. § 1915(a)(1).  Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious or fails to state a claim.  28 U.S.C. § 1915(e)(2)(B)(i) & (ii).  The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983).  An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  When assessing a petition to proceed *in forma pauperis,* a district court should inquire into the merits of the plaintiff's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*.  *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

The Court is satisfied from Slifka's affidavit that he is indigent.  However, he fails to state a claim that is plausible on its face.  Slifka asserts that his Fourth Amendment right to be free from unreasonable seizure and his Fourteenth Amendment due process rights were violated when, on

August 3, 2026, defendant Colton Gorbett asked him to leave the place where he was residing, and then defendant Sgt. Ford arrived and forced Slifka to leave.  Slifka alleges that this was an unreasonable seizure of his property and person, that it deprived him of his home and personal property without due process of law, and that Gorbett and Ford conspired to violate his rights.

Slifka's pleading does not state enough facts to elevate his claims from the possible to the plausible.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl.*, 550 U.S. at 556).  There are many lawful reasons a police officer may force an individual to leave his residence without a court order without the conduct amounting to an unlawful seizure or a due process violation, and Slifka has not allege facts that allow the Court to draw that adverse inference.  More facts are necessary to plausibly suggest a constitutional violation.

Additionally, there are insufficient facts to plead a conspiracy.  In order to state a claim for conspiracy under § 1983, a plaintiff must plead facts plausibly suggesting individuals reached an understanding to deprive the plaintiff of his constitutional rights.  *Reynolds v. Jamison*, 488 F.3d 756, 764 (7th Cir. 2007).  "[A] bare allegation of conspiracy [is] not enough to survive a motion to dismiss for failure to state a claim."  *Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009).  That is all Slifka offers in the Complaint.

Finally, Slifka has not alleged sufficient facts to state a claim against the City of Wood River ("City").  A municipality such as the City may not be held vicariously liable for actions of its employees under § 1983 on a *respondeat superior* theory.  *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978).  However, it can be liable under § 1983 when the institution itself, by its own actions, *caused* the deprivation of rights.  *Monell*, 436 U.S. at 691-92.  A municipal action occurs where (1) the municipality had an express policy calling for a constitutional violation, (2) the

2

municipality had a widespread practice of constitutional violations that was so permanent and well settled as to constitute a custom or usage with the force of law, or (3) if a person with final policymaking authority for the municipality caused the constitutional violation. *Monell*, 436 U.S. at 694. Slifka has not alleged any municipal action that would plausibly give him a right to relief above the speculative level.

For these reasons, the Court **DISMISSES** Slifka's Complaint, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and **ORDERS** that he shall have 30 days from entry of this order to amend his pleading to include sufficient facts to state a claim for relief. The Court **RESERVES RULING** on his motion for leave to proceed *in forma pauperis* (Doc. 4) until he files an amended complaint. If he fails to file an amended complaint, the Court will deny his motion for leave to proceed *in forma pauperis*, will assess him the full filing fee, and will dismiss this case with prejudice.

**IT IS SO ORDERED.**
**DATED: August 10, 2026**

_____
**J. PHIL GILBERT**
**DISTRICT JUDGE**

3