UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

AARON SLIFKA,

Plaintiff,

v.

CITY OF WOOD RIVER, ILLINOIS; POLICE SGT. E. FORD; and COLTON GORBETT,

Defendants.

Case No. 26-cv-1050-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Aaron Slifka's motion for leave to proceed *in forma pauperis* in this civil rights action (Doc. 4). In a prior order (Doc. 7), the Court found Slifka was indigent but dismissed his Complaint for failure to state a plausible claim. Slifka has filed an Amended Complaint (Doc. 11), which the Court now considers.

As a preliminary matter, Slifka's Amended Complaint is not double-spaced, as required by Local Rule 5.1(a). This alone would justify striking the Amended Complaint. The Court **WARNS** Slifka that any future filings that are not double-spaced will be summarily strieken.

In the Amended Complaint, Slifka again asserts that his Fourth Amendment right to be free from unreasonable seizures and his Fourteenth Amendment due process rights were violated in an incident occurring on August 3, 2026. He alleges that defendant Colton Gorbett demanded that Slifka leave Slifka's residence even though there was no order of eviction. Gorbett became aggressive and began removing Slifka's property from the residence. Defendant Sgt. E. Ford arrived on the scene and, knowing Slifka lived at the residence, told Slifka that if police were required to return to the residence, Slifka would be arrested. After being told this, Slifka left the residence. Slifka alleges that this amounted to an unreasonable seizure of his property and that it deprived him of his home and personal property without due process of law.

Slifka's Amended Complaint does not state enough facts to elevate his claims from the possible to the plausible. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Slifka does not allege any seizure by Sgt. Ford. He simply states that Sgt. Ford said if the police were forced to return to the scene, Slifka would be arrested. No facts pleaded show Sgt. Ford seized any property from Slifka that could have amounted to a Fourth Amendment unreasonable seizure or a deprivation of property without due process.

Further, the only way Gorbett, a private citizen, could be liable for a constitutional violation in this situation is if he were acting in concert with Sgt. Ford to achieve such a deprivation. The Court has already found that no deprivation has been alleged, and again Slifka has not pleaded facts plausibly suggesting Gorbett and Sgt. Ford reached an understanding to deprive him of his constitutional rights. *See Reynolds v. Jamison*, 488 F.3d 756, 764 (7th Cir. 2007). "[A] bare allegation of conspiracy [is] not enough to survive a motion to dismiss for failure to state a claim." *Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009). That is all Slifka offers in the Amended Complaint.

And as for the City of Wood River, Slifka again fails to allege sufficient facts to describe a municipal policy that injured him. Instead, he relies solely on Sgt. Ford's employment by the City, which is not enough to establish municipal liability. *See Monell v. Dep't of Social Servs*., 436 U.S. 658, 690 (1978).

In sum, Slifka has not alleged facts plausibly suggesting a right to relief above a speculative level against any defendant. Slifka has had two opportunities to plead sufficient facts, and he has failed. If there had been a plausible constitutional violation, the Court firmly believes Slifka would

have been able to plead sufficient facts in those two iterations of his pleading, but he has not. No third chance is warranted.

For these reasons, the Court:

- **DISMISSES** Slifka's case **with prejudice**, *see* 28 U.S.C. § 1915(e)(2)(B)(ii);
- **DENIES** his motion for leave to proceed *in forma pauperis* (Doc. 4);
- **DENIES** his motion for service of process at Government expense (Doc. 8); and
- **DIRECTS** the Clerk of Court to enter judgment accordingly.

The Court further advises Slifka that he is liable for the full $405 filing fee which he incurred when he filed this lawsuit even though it has been dismissed.

**IT IS SO ORDERED.**
**DATED: August 26, 2026**

J. Phil Gilbert

**J. PHIL GILBERT**
**DISTRICT JUDGE**